Eugene 2X JONES, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 74–1017.

United States Court of Appeals, Fifth Circuit.

June 3, 1974.

tiary hearing when the issues raised in the petition for writ of habeas corpus were the same as those fully and fairly developed during the state court proceeding. The state record amply supports the conclusion that Jones' confession was not coerced, that his guilty plea was voluntary and intelligent, and that he knowingly and voluntarily waived counsel. This Court cannot review the credibility choices made by trial courts

Affirmed.

Joseph Maxwell Williams, III, Tampa, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Richard C. Booth, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before MOORE *, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Eugene Jones pled guilty to armed robbery and was sentenced to life imprisonment by a Florida State Court. Later, he collaterally attacked his conviction, obtained an evidentiary hearing, and ultimately exhausted his state remedies without achieving his release. His subsequent petition for habeas corpus relief was denied by the United States District Court on the basis of the state court evidentiary hearing.

■■ A complete review of the state transcript convinces us that Jones was given a full, fair and impartial evidentiary hearing in the state court as to his waiver of counsel which incorporated the issues concerning his confession and his guilty plea. Under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the District Court was correct in not requiring an additional eviden-